**Joseph RICHARDS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50069.**

Court of Criminal Appeals of Texas.

June 18, 1975.

**68**

his Miranda warnings, and taken to the patrol car. On approaching the patrol car, appellant observed that his brother was in the car. The arresting officer testified, "He [appellant] asked me why I had his brother in the car, and I said he was under arrest for armed robbery, he said, 'He didn't do it, I did.'"

We find the admission of the statement was not in violation of Article 38.22, supra, on the basis of the above quoted provision of that article.

The judgment is affirmed.

---

Jack W. Manning and Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and John Ovard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of robbery; punishment was assessed at seventeen years' confinement.

In his sole ground of error, appellant contends the trial court erred in admitting an oral statement made by appellant shortly after his arrest, in violation of Article 38.22, Vernon's Ann.C.C.P. Article 38.22 (1)(f) provides in part:

"Nothing contained herein shall preclude the admissibility . . . of any statement that is the res gestae of the arrest or of the offense."

The record reflects that appellant was arrested at an apartment, handcuffed, given